**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**UNITED STATES OF AMERICA**          **CRIMINAL ACTION NO. 26-147-01**

**VERSUS**                            **JUDGE EDWARDS**

**JANE FRANCES PIERCE (01)**          **MAG. JUDGE PEREZ-MONTES**

## MEMORANDUM RULING

Before the Court are four motions filed by *pro se* Defendant Jane Frances Pierce ("Defendant") as follows: a Motion to Seal (R. Doc. 19), a Motion for Leave of Court (R. Doc. 20), a Motion in Limine (R. Doc. 21), and a Motion for Relief Sought (R. Doc. 47). The United States of America (the "Government") has filed an Omnibus Response in Opposition to Defendant's Motions to Seal and Exclude (R. Doc. 35).

Having carefully considered the submissions and applicable law, Defendant's Motion to Seal (R. Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**; the Motion for Leave of Court (R. Doc. 20) is **GRANTED IN PART** and **DENIED IN PART**; the Motion in Limine is **DENIED**; and the Motion for Relief Sought (R. Doc. 47) is **DENIED**.

## BACKGROUND

On April 15, 2026, a grand jury indicted Defendant on one count of mail fraud, in violation of 18 U.S.C. § 1341; two counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1); one count of corrupt interference, in violation of 26 U.S.C. § 7212(a); and three counts of money laundering, in violation of 18 U.S.C. § 1957. *See*

R. Doc. 1. Defendant pleaded not guilty as to each count. *See* R. Doc. 10. Defendant then began the instant motion practice.

On June 1, 2026, Defendant filed three motions. *See* R. Docs. 19, 20, and 21. In her Motion to Seal, she moves to seal the attached documents "[d]ue to the highly sensitive and confidential nature of the documents tendered." *See* R. Doc. 19 at 1. She further urges that the "documents are of a trust matter, of trade secrets and National Security which renders them inadmissible on these grounds and needs to remain sealed for the duration of this matter."[1] *Id.* As best as we can surmise, Defendant seeks leave for our review—in camera—of the documents attached and/or referred to in the simultaneously filed Motion to Seal (R. Doc. 19) and Motion in Limine (R. Doc. 21). *See* R. Doc. 20 at 1. No other purpose for review is ascertainable from either Defendant's filing or simultaneously filed documents. In her Motion in Limine, Defendant seeks to exclude records produced by the Government on relevancy grounds and pursuant to Fed. R. Evid. 403. *See generally* R. Doc. 21-1. Lastly, Defendant moves for liquidation of "[her] debt owed to the United States," "the dismissal of all charges[,]" and for her "record to be expunged and the case file sealed." *See* R. Doc. 47 at 1. She also asks the Court to "execute the trust instrument and settlement agreement into law," which she entrusted to the Clerk of Court. *See id.* at 1–2.

The Government responded to Defendant's motions, except for the Motion for Relief Sought. *See* R. Doc. 35. The Government contends Defendant has not met her

---

[1] At issue in the present motion is only whether the documents should be sealed. We leave the issue of admissibility for another day.

burden of establishing that the documents should be sealed. *See id.* at 3. The Government further maintains that the documents identified by Defendant can be, and routinely are, redacted. *See id.* at 1–2.

## **LAW AND ANALYSIS**

### I.   **Motion to Seal**

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). "[C]ourts are duty-bound to protect public access to judicial proceedings and records." *Id.* at 417. Accordingly, the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419. Any sealing "must be explained at 'a level of detail that will allow for [appellate] review.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 397 (5th Cir. 2017)).

Relevant here, where a litigant seeks to seal a document filed into the judicial record, the Court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (internal quotation marks omitted). In its analysis, "the district court must also consider whether alternative measures, such as redaction ..., would instead sufficiently protect the privacy interests at issue." *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024) (citing *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023)).

Here, Defendant moves to seal nine exhibits. Defendant does not offer any individualized justifications for sealing each exhibit. Nor does she identify what purportedly sensitive and/or confidential information a particular exhibit contains. Notwithstanding these failures, the Court reviewed Defendant's exhibits to identify potentially sensitive and/or confidential information and finds as follows.

Exhibit 1 is a birth certificate and birth certificate amendment abstract. *See* R. Doc. 19-1. This exhibit contains personal and sensitive information related to both Defendant and her parents. The interests favoring non-disclosure of such information greatly outweigh the public's interest in access. *See Whitman v. Lambright*, No. 25-1577, 2026 WL 1865372, at *2 (W.D. La. June 29, 2026) ("[P]laintiff here has attached exhibits that include sensitive personal information and warrant sealing at this time, including birth certificates."). Accordingly, Exhibit 1 shall be sealed.

Exhibit 2 is an "Accord and Satisfaction Agreement" executed by Defendant on May 24, 2026. *See* R. Doc. 19-2. This document outlines the terms of a purported agreement between Defendant and the United States. *See id.* The document contains Defendant's home address, an employer identification number ("EIN") for a trust, and tax lien numbers. The rest of the document does not appear to contain sensitive or confidential information. "Given the minimal references to confidential information, . . . [t]he Court finds public filing of [redacted] exhibits addresses Defendant's concerns while upholding the public's right to access judicial records." *Ogbebor v. Hardy*, No. 24-313, 2026 WL 1365844, at *2 (W.D. La. Apr. 23, 2026). Accordingly, Defendant is ordered to redact *only* her home address, EIN, and tax lien numbers and

to publicly file the redacted document into the record. Any redactions made must be consistent with the guidance set forth in Federal Rule of Criminal Procedure 49.1(a). Exhibit 19-2 shall remain sealed.

Exhibit 3 is an order from the Ninth Judicial District Court in Rapides Parish, Louisiana, granting Defendant a name change. *See* R. Doc. 19-3. That order does not appear to have been previously filed under seal in the Ninth Judicial District Court. Because this order is already a public judicial record, the Court declines to seal that document and restrict public access in this case. Accordingly, Exhibit 3 shall be unsealed.

Exhibit 4 contains several different documents. First, Defendant submitted an "Assignment by Cestui" executed by her alone on May 24, 2026. *See* R. Doc. 19-4 at 1. The only sensitive and/or confidential information this document appears to contain is Defendant's home address. *Id.* Second, Defendant submitted a "Treatise on suits in chancery" and what appears to be a publicly available document about "Equity." *See id.* at 2–3. Finally, Defendant submitted an IRS Form 56. *See id.* at 4–5. This document contains a social security number and address. *Id.* Because Exhibit 4 largely contains information that is either publicly available or not sensitive or confidential, the Court finds that sealing the exhibit in its entirety is not warranted. Instead, the more proper balance is to redact portions. *See Erfindergemeinschaft v. Eli Lilly & Co.*, No. 15-1202, 2017 WL 434207, at **2–3 (E.D. Tex. Feb. 1, 2017). Specifically, Defendant is ordered to redact *only* the home addresses and social

security number. Defendant must file the redacted version into the public record. Exhibit 19-4 shall remain sealed.

Exhibit 5 is an IRS Form 1041-V and 1040-V. *See* R. Doc. 19-5. The IRS Form 1041-V includes an EIN and address; the Form 1040-V contains a social security number and address. *See id.* at 1. This sensitive information can be redacted while also allowing public access. Accordingly, Defendant is ordered to redact *only* the EIN, social security number, and address and to file the redacted forms into the record. Exhibit 19-5 shall remain sealed.

Exhibit 6 contains an "Irrevocable Legacy Trust Agreement of Jane Frances Pierce." *See* R. Doc. 19-6. The Court does not observe any sensitive and/or confidential information in this exhibit, and Defendant has failed to direct the Court to any such information. Defendant similarly fails to articulate how the dissemination of this information to the public would harm the interests of her or another. Her general claim that the document is "of trust matters," *see* R. Doc. 19 at 1, is insufficient to warrant sealing. *See Stream Fam. Ltd. P'ship v. Occidental Chem. Corp.*, No. 24-864, 2026 WL 1822306, at *2 (W.D. La. June 23, 2026) ("The court ... denies the motion to seal without prejudice, finding no obviously commercially sensitive information, only information about the identities of the individuals who act as settlors, trustees, and beneficiaries of certain trusts ... and documents pertaining to the management of those trusts."). Accordingly, Exhibit 6 shall be unsealed.

Exhibit 7 is a purported "Settlement Agreement for the Jane Frances Pierce Legacy Trust" between Defendant and a government agent. *See* R. Doc. 19-7. The

6

document includes personal addresses but does not appear to contain any other sensitive or confidential information. Defendant has not explained why the public's access to this document should be prohibited. The Court thus finds that the proper balance is limited redaction. Accordingly, Defendant is ordered to redact *only* the personal addresses and to file the redacted document into the record. Exhibit 7 shall remain sealed.

Exhibit 8 contains Social Security Administration forms, which include sensitive and confidential information. *See* R. Doc. 19-8. Defendant's privacy interests outweigh the public's right to access this exhibit. Accordingly, Exhibit 8 shall remain sealed.

Exhibit 9 includes a scrivener's affidavit and two different quitclaim deeds. *See* R. Doc. 19-1. These documents, which were all recorded in Rapides Parish, are all public records. Because these documents are already public records, the Court declines to seal them in this case. *See June Med. Servs., L.L.C.*, 22 F.4th at 520 ("In the context of publicly available documents, those *already* belong to the people, and a judge cannot seal public documents merely because a party seeks to add them to the judicial record.") (emphasis in original). Accordingly, Exhibit 9 shall be unsealed.

## II.    Motion for Leave of Court

Again, Defendant appears to seek judicial in camera review of the documents attached and/or referred to in her Motion to Seal and Motion in Limine. *See* R. Doc. 20 at 1. We cannot find any other purpose. While we must construe *pro se* filings liberally, we need not "develop the arguments on behalf of the litigant." *Anderson v.*

*United States*, No. 14-340, 2023 WL 1998878, at \*4 (N.D. Tex. Feb. 14, 2023) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)).

Accordingly, to the extent Defendant moves the Court to review the documents attached and/or referred to in her Motion to Seal (R. Doc. 19) and Motion in Limine (R. Doc. 21), her Motion for Review (R. Doc. 20) is granted. To the extent Defendant's Motion can be construed as a request for review for any other purpose, her motion must be denied for failure to state either the grounds on which the motion is based or the relief sought. *See* Fed. R. Crim. P. 47(b).

## III.    Motion in Limine

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at \*1 (N.D. Miss. Feb. 13, 2015) (citations omitted). The Court should "weigh the evidence's contribution to the case against any potential prejudice or confusion," *Thomas v. Ameritas Life Insurance Corp.*, 34 F.4th 395, 399–400 (5th Cir. 2022), and the "[e]vidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512, at \*1 (citations omitted). "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at \*1 (W.D. La. Dec. 15, 2010). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial[,]" *see id.*, because we may

always change our mind. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted).

Defendant seeks to exclude certain categories of exhibits from trial, asserting that they are irrelevant and unfairly prejudicial. *See* R. Doc. 21 at 1–2. Specifically, she asks the Court to exclude, among other things, correspondence, bank records, IRS records, and records of financial obligations. *See id.* However, although Defendant generally identifies the categories of evidence she seeks to exclude, she neither attaches the exhibits nor specifically identifies the evidence in the record. *See id.* The Government responds that these broad categories of records are generally relevant to the alleged criminal conduct in the Indictment. *See* R. Doc. 35 at 4. And we agree. Because Defendant seeks to exclude broad, unspecified categories of exhibits and "because the nature of the evidence [she] broadly seek[s] to exclude has both permissible and impermissible purposes, [her motion] in limine [is] denied without prejudice." *See United States v. Brownlee*, No. 20-59, 2021 WL 5629478, at *4 (N.D. Miss. Nov. 30, 2021) (citing *United States v. Moree*, 897 F.2d 1329, 1334 (5th Cir. 1990)).

Beyond this, Defendant's assertions—that the evidence concerns "a trust matter, of trade secrets[,] and National Security" and is irrelevant—are nothing more than a mere defense argument—not a basis for exclusion under the Federal Rules of Evidence. *See United States v. McElwee*, No. CRIMA0800269-01, 2009 WL 2922834, at *3 (W.D. La. Sept. 9, 2009). Because Defendant has failed to identify the evidence with particularity or to demonstrate that it is clearly inadmissible on all possible

grounds, we must deny her Motion in Limine at this time and wait to "properly resolve questions of foundation, relevancy, and prejudice" at trial. *See Francois v. Gen. Health Sys.*, 459 F. Supp. 3d 710, 719 (M.D. La. 2020).

## IV.    Motion for Relief Sought

"[A] defendant may challenge an indictment on a variety of ... grounds, including for failure to state an offense, lack of jurisdiction, double jeopardy, improper composition of the grand jury, and certain types of prosecutorial misconduct." *United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012). But "[a]n indictment returned by a legally constituted and unbiased grand jury ... if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956).

Defendant contends that her purported trust agreement and settlement agreement with the United States and her alleged repayment of all outstanding debts owed to the United States warrants dismissal of the grand jury's Indictment. *See generally* R. Doc. 47. Two issues here. First, that Defendant says something is true does not make it so. And, second, "[m]erely allowing an offender to pay back the funds fraudulently received would not deter fraud against the Government. Attempting to defraud the Government would almost always prove to be worth the risk if the only consequence was having to pay the money back, if caught." *Aldridge on Behalf of United States v. Corp. Mgmt., Inc.*, No. 16-369, 2021 WL 2518221, at *9 (S.D. Miss. June 18, 2021), *aff'd in part*, *rev'd in part* and *remanded sub nom. United States v. Corp. Mgmt., Inc.*, 78 F.4th 727 (5th Cir. 2023).

10

Absent any argument challenging our jurisdiction or identifying a procedural or substantive defect in the Indictment itself, Defendant's Motion to Dismiss must be denied. Simply put, the purported repayment of the funds, even if true, does not warrant dismissal of the Indictment.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Defendant's Motion to Seal (R. Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Seal is **GRANTED** to the extent that she seeks to seal R. Docs. 19-1 and 19-8.

**IT IS FURTHER ORDERED** that Defendant must file redacted versions of R. Docs. 19-2, 19-4, 19-5, and 19-7 into the record within thirty days of the issuance of this Memorandum Order. Redactions must be consistent with this Court's opinion and Federal Rule of Criminal Procedure 49.1. Failure to timely file the redacted documents may result in appropriate sanctions. **IT IS FURTHER ORDERED** that the Clerk of Court is to keep R. Docs. 19-2, 19-4, 19-5, and 19-7 under seal as those documents contain unredacted personal, sensitive, and/or confidential information.

Defendant's Motion to Seal is **DENIED IN ALL OTHER RESPECTS**, and R. Docs. 19-3, 19-6, and 19-9 are **ORDERED** to be **UNSEALED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave of Court (R. Doc. 20) is **GRANTED** insofar as Defendant seeks the Court's review of her attached exhibits. It is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (R. Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief Sought (R. Doc. 47) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 27th day of July, 2026.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE